UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED HUMPHREY, et al., | * |
| Plaintiffs, | * |
| v. | * |
| | * Civil Action No. 15-cv-14170-ADB |
| JEFFREY COMOLETTI, et al., | * |
| Defendants. | * |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Attorneys John B. Harwood, David S. Francazio, and Robert A. D'Alfonso of McKinnon & Harwood LLC have moved for leave to withdraw from their representation of Plaintiff Fred Humphrey. [ECF No. 79]. Defendants take no position on Plaintiff counsel's motion but have moved to dismiss the case for similar reasons. [ECF No. 80 at 2]. Plaintiff's counsel have also sought to extend the deadline to respond to the motion to dismiss until 21 days after a ruling on the pending motion to withdraw. [ECF No. 81]. For the reasons stated herein, the motion to withdraw is GRANTED and the motion for extension of time is GRANTED as follows. Plaintiff shall obtain new counsel to represent him in this matter or file a notice to appear *pro se* by May 21, 2018 and shall respond to the motion to dismiss by June 4, 2018.

Plaintiff initiated this action on December 18, 2015. [ECF No. 1]. Motions to dismiss were filed in April and May 2016, after which Plaintiff filed a motion to amend the complaint that the Court allowed. [ECF No. 35]. After a second round of motions to dismiss, on March 31, 2017, the Court dismissed certain of the pending claims and all other plaintiffs from the case. [ECF No. 54]. The Court then held a scheduling conference on September 11, 2017, and issued a

scheduling order, which set a deadline for fact discovery to be completed by May 31, 2018. [ECF Nos. 67, 68].

On December 8, 2017, Defendant Comoletti filed a letter motion to compel Plaintiff to provide written discovery responses to interrogatories and requests for production that were served on October 2, 2017. [ECF No. 71]. Plaintiff's counsel informed Comoletti that the discovery responses were delayed because Plaintiff was out-of-state and his father was on dialysis. Id. Comoletti agreed to extend the discovery response deadline to December 6, 2017. When Plaintiff failed to provide discovery responses by that date, Plaintiff's counsel reported that they were unable to reach Plaintiff for two weeks and could not provide a date for serving discovery responses. Id. After the Court scheduled a hearing on the letter motion, the parties agreed to further extend the deadline until January 9, 2018. [ECF Nos. 72, 75]. The Court cancelled the hearing in accordance with the parties' stipulated extension. [ECF No. 76].

Although Plaintiff eventually provided his discovery responses, on March 6, 2018, Comoletti filed a second letter motion to compel Plaintiff to appear for his duly noticed deposition. [ECF No. 77]. Comoletti reported that counsel for all parties had agreed to schedule the deposition for March 7, 2018, and that the deposition was properly noticed on February 2, 2018. Id. Plaintiff's counsel informed Comoletti on the morning of March 6, 2018 that Plaintiff now lives in Wisconsin and has not communicated with his counsel in several weeks. Id.

On March 22, 2018, the court ordered Plaintiff to either (1) be deposed by April 20, 2018 or arrange an extension of this deadline; or (2) show cause by that date as to why he had not done so. [ECF No. 78]. The Court's Order further stated that failure to comply with the Order may result in sanctions, including, but not limited to, dismissal of Plaintiff's case in its entirety. Id.

Prior to the April 20th deadline, Plaintiff's counsel filed the instant motion to withdraw, citing an irreconcilable breakdown in the attorney-client relationship. [ECF No. 79]. As stated in the motion, Plaintiff's counsel made the following recent communications to their client:

1. Email to Plaintiff on February 2, 2018;
2. Email to Plaintiff on February 23, 2018;
3. Email to Plaintiff on February 27, 2018;
4. Email to Plaintiff on March 1, 2018;
5. Telephone call to Plaintiff on March 4, 2018;
6. Email to Plaintiff on March 4, 2018;
7. Telephone call to Plaintiff on March 5, 2018;
8. Email to Plaintiff on March 5, 2018;
9. Email to Plaintiff on March 8, 2018;
10. Priority Mail (delivery confirmed) to Plaintiff on March 8, 2018;
11. Telephone call to Plaintiff on March 14, 2018 at 5:40 P.M.;
12. Email to Plaintiff on March 14, 2018;
13. Email to Plaintiff on March 22, 2018;
14. Priority Mail (delivery confirmed) to Plaintiff on March 22, 2018; and
15. Email to Plaintiff on March 30, 2018.

[ECF No. 79 at 1−2]. Through January 2018, Plaintiff primarily and regularly communicated with his counsel using the email address to which the communications listed above were sent. Id. at 2. The last actual communication between counsel and Plaintiff occurred on January 29, 2018. Plaintiff also contacted counsel once on March 14, 2018 at 10:04 A.M. and left a telephone message with counsel's secretary. Id. As shown in the communications listed above, counsel returned Plaintiff's call on the same day and made several follow-on attempts to reach him.

In the letter sent by email and Priority Mail on March 22, 2018, counsel informed Plaintiff that a failure to communicate with counsel by April 10, 2018, in advance of the April 20th deadline to be deposed, would result in the filing of a motion to withdraw. Id. Counsel filed the motion to withdraw on April 13, 2018. [ECF No. 79]. The April 20th deadline for Plaintiff to be deposed, arrange an extension, or show cause also expired, which seemingly prompted Defendants to file their motion to dismiss.

Under Local Rule 83.5.2, "an attorney may seek leave of court to withdraw his or her appearance for good cause shown," where there is no preceding or accompanying appearance of successor counsel. "An attorney's motion to permissively withdraw 'is a matter addressed to the discretion of the trial court.'" Hayes v. CRGE Foxborough, LLC, No. 13-cv-12014-DJC, 2013 WL 10777847, at *2 (D. Mass. Aug. 21, 2013) (quoting Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985)). Here, the case history reflects that Plaintiff was largely unresponsive to counsel in December 2017 and January 2018 with regard to answering discovery requests, and communications completely broke down in February 2018, with the exception of one telephone message. Plaintiff has remained out of contact throughout March 2018 and April 2018, despite numerous attempts by counsel to reach him, including letting him know that a failure to communicate by April 10, 2018 would result in the filing of a motion to withdraw. Moreover, Plaintiff did not heed the Court's warning in the March 22 Order that failure to attend his second noticed deposition, arrange an extension, or show cause as to why he had not done so could result in sanctions, including dismissal of the case. Because communication between Plaintiff and his counsel has completely broken down, despite numerous attempts by counsel to make contact, and Plaintiff's failure to comply with the Court's March 22 Order, the motion to withdraw is ALLOWED. See SEC v. Howard, 577 F. Supp. 2d 480, 482 (D. Mass. 2008) (allowance of motion to withdraw where "the attorney-client relationship has broken down due to the defendant's persistent failure to communicate with his attorneys or to pay their fees"); Bucceri v. Cumberland Farms, Inc., No. 15-cv-13955-IT, 2017 WL 4411033, at *1 (D. Mass. Oct. 4, 2017) (withdrawal allowed where evidence suggested that client had "failed to communicate with her counsel for over six months" and counsel was therefore "unable to represent [the client's] interests").

To allow Plaintiff a final opportunity to continue litigating this case, the motion for extension of time [ECF No. 81] is GRANTED as follows. Plaintiff shall obtain new counsel to represent him in this matter or file a notice to appear *pro se* by May 21, 2018 and he shall respond to the motion to dismiss by June 4, 2018. A failure to comply with this Order, including the May 21 or June 4 deadlines, will result in the dismissal of Plaintiff's case in its entirety. See Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Civ. P. 37(d).

**SO ORDERED.**

April 30, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE