UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED HUMPHREY, et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * Civil Action No. 15-cv-14170-ADB |
| | * |
| JEFFREY COMOLETTI, et al., | * |
| | * |
| Defendants. | * |
| | * |

# MEMORANDUM AND ORDER

BURROUGHS, D.J.

Now pending before the Court is Defendants' motion to dismiss the complaint due to Plaintiff's failure to prosecute the action or comply with Court orders. [ECF No. 80]. For the reasons stated herein, the motion is <u>GRANTED</u> and the case is <u>DISMISSED</u>.

## I. BACKGROUND

On April 30, 2018, the Court issued a Memorandum and Order [ECF No. 82] on Plaintiff's former attorneys' motion to withdraw from the representation, and provided the following summary of this case as it relates to Plaintiff's failure to communicate with his counsel and to otherwise litigate his claims:

> Plaintiff initiated this action on December 18, 2015. [ECF No. 1]. Motions to dismiss were filed in April and May 2016, after which Plaintiff filed a motion to amend the complaint that the Court allowed. [ECF No. 35]. After a second round of motions to dismiss, on March 31, 2017, the Court dismissed certain of the pending claims and all other plaintiffs from the case. [ECF No. 54]. The Court then held a scheduling conference on September 11, 2017, and issued a scheduling order, which set a deadline for fact discovery to be completed by May 31, 2018. [ECF Nos. 67, 68].
>
> On December 8, 2017, Defendant Comoletti filed a letter motion to compel Plaintiff to provide written discovery responses to interrogatories and requests for production that were served on October 2, 2017. [ECF No. 71]. Plaintiff's counsel

informed Comoletti that the discovery responses were delayed because Plaintiff was out-of-state and his father was on dialysis. Id. Comoletti agreed to extend the discovery response deadline to December 6, 2017. When Plaintiff failed to provide discovery responses by that date, Plaintiff's counsel reported that they were unable to reach Plaintiff for two weeks and could not provide a date for serving discovery responses. Id. After the Court scheduled a hearing on the letter motion, the parties agreed to further extend the deadline until January 9, 2018. [ECF Nos. 72, 75]. The Court cancelled the hearing in accordance with the parties' stipulated extension. [ECF No. 76].

Although Plaintiff eventually provided his discovery responses, on March 6, 2018, Comoletti filed a second letter motion to compel Plaintiff to appear for his duly noticed deposition. [ECF No. 77]. Comoletti reported that counsel for all parties had agreed to schedule the deposition for March 7, 2018, and that the deposition was properly noticed on February 2, 2018. Id. Plaintiff's counsel informed Comoletti on the morning of March 6, 2018 that Plaintiff now lives in Wisconsin and has not communicated with his counsel in several weeks. Id.

On March 22, 2018, the [C]ourt ordered Plaintiff to either (1) be deposed by April 20, 2018 or arrange an extension of this deadline; or (2) show cause by that date as to why he had not done so. [ECF No. 78]. The Court's Order further stated that failure to comply with the Order may result in sanctions, including, but not limited to, dismissal of Plaintiff's case in its entirety. Id.

Prior to the April 20th deadline, Plaintiff's counsel filed [a motion] to withdraw, citing an irreconcilable breakdown in the attorney-client relationship. [ECF No. 79]. As stated in the motion, Plaintiff's counsel made the following recent communications to their client:

1. Email to Plaintiff on February 2, 2018;
2. Email to Plaintiff on February 23, 2018;
3. Email to Plaintiff on February 27, 2018;
4. Email to Plaintiff on March 1, 2018;
5. Telephone call to Plaintiff on March 4, 2018;
6. Email to Plaintiff on March 4, 2018;
7. Telephone call to Plaintiff on March 5, 2018;
8. Email to Plaintiff on March 5, 2018;
9. Email to Plaintiff on March 8, 2018;
10. Priority Mail (delivery confirmed) to Plaintiff on March 8, 2018;
11. Telephone call to Plaintiff on March 14, 2018 at 5:40 P.M.;
12. Email to Plaintiff on March 14, 2018;
13. Email to Plaintiff on March 22, 2018;
14. Priority Mail (delivery confirmed) to Plaintiff on March 22, 2018; and
15. Email to Plaintiff on March 30, 2018.

[ECF No. 79 at 1−2]. Through January 2018, Plaintiff primarily and regularly communicated with his counsel using the email address to which the communications listed above were sent. Id. at 2. The last actual communication between counsel and Plaintiff occurred on January 29, 2018. Plaintiff also contacted counsel once on March 14, 2018 at 10:04 A.M. and left a telephone message with counsel's secretary. Id. As shown in the communications listed above, counsel returned Plaintiff's call on the same day and made several follow-on attempts to reach him.

In the letter sent by email and Priority Mail on March 22, 2018, counsel informed Plaintiff that a failure to communicate with counsel by April 10, 2018, in advance of the April 20th deadline to be deposed, would result in the filing of a motion to withdraw. Id. Counsel filed the motion to withdraw on April 13, 2018. [ECF No. 79]. The April 20th deadline for Plaintiff to be deposed, arrange an extension, or show cause also expired, which seemingly prompted Defendants to file their motion to dismiss. [ECF No. 79].

[ECF No. 82]. The Court granted the attorneys' motion to withdraw due to the complete breakdown in communications with their client. To allow Plaintiff "a final opportunity to continue litigating this case," however, the Court also granted Plaintiff additional time to respond to the instant motion to dismiss [ECF No. 81]. The Court further instructed that "Plaintiff shall obtain new counsel to represent him in this matter or file a notice to appear *pro se* by May 21, 2018 and he shall respond to the motion to dismiss by June 4, 2018. A failure to comply with . . . the May 21 or June 4 deadlines . . . will result in the dismissal of Plaintiff's case in its entirety. See Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Civ. P. 37(d)." Plaintiff did not obtain new counsel or file a notice to appear *pro se* by May 21 and did not respond to the motion to dismiss by June 4.

## II. DISCUSSION

Federal Rules of Civil Procedure 37(b)(2)(A) and 37(d) set forth the sanctions that a court may impose for a party's failure to obey a discovery order or to appear for his or her own deposition. These sanctions include, among other things, dismissing the action. Fed. R. Civ. P. 37(b)(2)(A). "A district court has wide discretion in choosing sanctions for discovery violations."

3

Samaan v. St. Joseph Hosp., 670 F.3d 21, 36 (1st Cir. 2012). "In determining the appropriate sanction, if any, a court should 'consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" United States v. Pfizer, Inc., 188 F. Supp. 3d 122, 136 (D. Mass. 2016) (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). Further, under Fed. R. Civ. P. 41(b), a defendant may also move to dismiss an action for the plaintiff's failure to prosecute. This rule reinforces the "inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders . . . ." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). Courts should only impose this severe sanction where the plaintiff's conduct is "extreme." Id. "[E]xtreme misconduct comes in many shapes and forms, ranging from protracted foot-dragging to defiance of court orders to ignoring warnings to other aggravating circumstances." Id. at 4−5.

Here, Plaintiff's complaint is subject to dismissal pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), 37(d), and 41(b), given his failure to obey court orders, appear for his deposition, or to do much of anything to otherwise advance this case. Although a severe sanction, dismissal is warranted in the context of Plaintiff's persistent failure to prosecute his case. He failed to respond to or comply with the Court's March 22 order to be deposed, arrange an extension, or show cause, despite the Court's notice that failure to do so may result in sanctions, including dismissal of Plaintiff's case in its entirety. [ECF No. 78]. The Court again warned Plaintiff in its April 30 order that failure to obtain counsel or file a notice to appear *pro se* by May 21, 2018 and to respond to the motion to dismiss by June 4, 2018 "will result in the dismissal of Plaintiff's case in its entirety." [ECF No. 82]. Plaintiff did not retain counsel, file a notice to appear *pro se*, or respond to the motion to dismiss by the court-ordered deadlines.

Although "dismissal orders typically are measures of last resort, reserved for extreme cases," Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005), Plaintiff has failed to timely respond to discovery, has violated two court orders which provided notice that noncompliance could or would result in dismissal of the case, and has ceased all communication with his now former counsel. Because of Plaintiff's failure to prosecute, fact discovery has now closed without Plaintiff appearing for his properly noticed deposition. [ECF No. 68]. Given the lack of responsiveness to his former counsel's communications and this Court's orders, which provided numerous opportunities for Plaintiff to reengage in this matter, lesser sanctions than dismissal would be inadequate and dismissal as a measure of last resort is warranted. See Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001) ("[D]istrict court was well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance."); Young, 330 F.3d at 81 ("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.").

Accordingly, Defendants' motion [ECF No. 80] is GRANTED and Plaintiff's complaint is DISMISSED with prejudice.

**SO ORDERED.**

June 5, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE